IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | ) | Case No. 1:23-cr-0557 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| JESSE J. GRAHAM, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |
| | ) | |

## I.      Introduction

On March 18, 2026, Defendant Jesse J. Graham filed a *pro se* motion to vacate, set aside,

or correct sentence pursuant to 28 U.S.C. § 2255.  ECF Doc. 52. After reviewing the record and

the applicable law, the Court summarily DENIES Graham's motion.  Pursuant to

28 U.S.C. § 2255(b), the Court has not required notice to be served upon the U.S. attorney

because the motion and records of the case conclusively show that Graham is not entitled to

relief.  As is further explained below, Graham waived his right to collaterally attack his

conviction when he entered into a knowing and voluntary guilty plea.

## II.     Guilty Plea

On November 26, 2024, Graham entered a guilty plea to one count of conspiracy to

distribute and possess with the intent to distributed controlled substance; one count of possession

of a controlled substance with the intent to distribute; and one count of possession of firearm

and/or ammunition by a convicted felon.  ECF Doc. 30.  On April 1, 2025, he was sentenced to

130 months in prison; 3 years supervised release; and a $300.00 special assessment.  ECF Doc. 45.

On March 18, 2025, Graham filed a motion to vacate under 28 U.S.C. § 2255.  Graham's motion asserts the following grounds: Ground One – Illegal Search and Seizure; Ground Two – Ineffective Assistance of Counsel (Failure to Challenge Illegal Search); Ground Three – Lack of Constructive Possession; Ground Four – False Informant Statement Used to Get the Search Warrant; Ground Five – Coerced Statement and Unlawful Forfeiture; Ground Six – Ineffective Assistance of Counsel (Forfeiture and Coercion); Ground Seven – Misconduct was Committed by the Prosecutor through the Knowing Use of Evidence Obtained in Clear Violation of the Fourth Amendment Privacy Rights of the Petitioner, All in Contradiction of the Due Process Clause; Ground Eight – Appeal Waiver is Unenforceable Due to Ineffective Assistance of Counsel.

Graham's motion to vacate is barred because he pleaded guilty to the indictment and waived his right to appeal and post-conviction attack.  ECF Doc. 30.  "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted).  This is so because, normally:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offenses with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the

2

voluntary and intelligent character of the plea itself.[1]" *Werth v. Bell,* 692 F.3d 486 (6th Cir. 2012).  "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger,* 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).  The validity of the plea must be determined from the "totality of the circumstances." *Abdus-Samad v. Bell,* 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady,* 397 U.S. 747).

Here, Graham does not argue that his plea was involuntarily or unknowingly made. Graham signed a detailed plea agreement outlining the specifics of his deal with the Government.  Graham initialed every page of the plea agreement.  At the time, Graham represented that he had been advised by counsel of his rights leading up to the plea deal.  ECF Doc. 30 at 7.  He expressly waived his right to appeal and to collaterally attack his conviction through a § 2255 motion.  *Id*.  The Sixth Circuit has repeatedly upheld the validity of waivers of appeal and collateral attack.  *See e.g., Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).  Further, in the Sixth Circuit "[i]t is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).

In addition to the detailed language in the plea agreement, the Court also advised Graham of the consequences of his plea agreement and the rights he would be waiving by entering into it. The Court would not have accepted Graham's guilty plea if it was not satisfied that it was

---

[1] Also, guilty pleas may not prevent a defendant's ability to challenge whether the government has the power to "constitutionally prosecute" him.  *Class v. United States,* 138 S. Ct. 798, 200 L. Ed. 2d 37 (2018).  However, this exception is not applicable to the claims raised in Graham's motion.

voluntarily and knowingly.  Graham has not presented any new information in his § 2255 motion suggesting that his plea was not made knowingly and voluntarily.  Because he knowingly and voluntarily entered into a plea agreement, Graham waived the right to assert the grounds he is now raising his §2255 motion.

In his plea agreement, Defendant expressly and voluntarily waived his right to appeal or to collaterally attack, with a couple of carved out exceptions.  Paragraph 19 of the plea agreement states that "nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct."  ECF Doc. 30 at 8. In Grounds Two, Six and Eight, Graham has attempted to assert ineffective assistance of counsel claims, and in Ground Seven, he has attempted to assert a prosecutorial misconduct claim. Because the plea agreement reserved Graham's right to collaterally attack such claims, the Court has carefully reviewed those claims and briefly addresses them below.

Graham argues that he received ineffective assistance of counsel because his attorney failed to challenge an illegal search (Ground Two); failed to argue against coercion and forfeiture (Ground Six); and failed to challenge the Government's evidence and theory of possession (Ground Eight).  To establish a claim of ineffective assistance, Graham must prove that "counsel's performance was deficient" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  To establish prejudice in the context of a guilty plea, a defendant must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Specifically, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The problem with Graham's ineffective assistance of counsel claims is that he was aware of each of his counsel's alleged deficiencies *before* he entered a guilty plea.  "A guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1978).  When a defendant pleads guilty and "has solemnly admitted in open court that he is in fact guilty . . . , he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*  Here, at the time he pleaded guilty, Graham was well aware that counsel had not moved to suppress evidence, argued that Graham was coerced or challenged the Government's possession theory.  Graham waived his ability to challenge the Government's evidence when he pleaded guilty.  He cannot now argue that his counsel was ineffective for failing to raise issues Graham expressly waived by pleading guilty.  Nor can he show that he was prejudiced by counsel's conduct because he knew of it before he decided to plead guilty.

Graham cannot collaterally attack the strength of the Government's case now by couching his claims in terms of ineffective assistance of counsel.  The only potential ineffective assistance of counsel claim Graham could raise in this § 2255 motion is that counsel was ineffective in advising him to plead guilty.  "In order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree*, 2010 U.S. Dist. LEXIS 141839 at *5 (E.D.Ky. Nov. 30, 2010).  Here, Graham is attempting to collaterally attack the strength of the Government's case by couching it in terms of ineffective assistance of counsel claims.  Because

his ineffective assistance claims are not directly related to his plea agreement but relate to evidentiary issues which preceded his guilty plea, they are barred by his waiver.

Similarly, Graham cannot collaterally attack alleged prosecutorial misconduct which occurred prior to his guilty plea unless it was directly related to the inducement of the plea itself. *See Machibroda v. U.S.* 360 U.S. 487, 493 (1962). Here, Graham's prosecutorial misconduct claim relates to the collection of evidence and coercion of Graham's admission *prior* to his guilty plea. He waived his right to collaterally attack the Government's case when he knowingly and voluntarily entered into the guilty plea. He cannot overcome his waiver by couching it in terms of prosecutorial misconduct.

The time for Graham to raise all of the issues in his § 2255 motion – including his ineffective assistance and prosecutorial misconduct claims – was before he pleaded guilty. The fact that he is now second-guessing his decision to plead guilty is not unusual. Nor does it mean that his decision was not knowingly and voluntarily made. Graham entered into a written plea agreement. He was fully advised that he was giving up the right to challenge the Government's evidence and its theory of constructive possession before the Court accepted his plea. And Graham's ineffective assistance of counsel and prosecutorial misconduct claims are only collateral attacks of the underlying evidence, which he has attempted to characterize as ineffective assistance or prosecutorial misconduct. Because they relate to events occurring *before* he entered his guilty plea, and not to the plea itself, he waived those claims.

## III.    Conclusion

Because Graham waived the right to collaterally attack all the claims raised in his motion, his motion to vacate, set aside, or correct his sentence is barred, it is hereby DENIED. ECF Doc. 52.

The Court certifies, pursuant to 28 U.S.C. § 2255 that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Dated: March 25, 2026

*s/Dan Aaron Polster*
United States District Judge